UNITED STATES of America,
Plaintiff–Appellee,

v.

Nathan HOLT, Defendant–Appellant.

No. 03–6394.

United States Court of Appeals,
Sixth Circuit.

Sept. 21, 2004.

D.R. Smith, Asst. U.S. Attorney, Johnson City, TN, for Plaintiff–Appellee.

Angela Morelock, Knoxville, TN, for Defendant–Appellant.

Before MARTIN, COLE, and GIBBONS, Circuit Judges.

## ORDER

Nathan Holt appeals the sentence of imprisonment imposed upon his plea of guilty to conspiracy to distribute and possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Counsel for Holt did not respond to a request to show cause why oral argument would be necessary and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Holt was charged with three counts of conspiracy to distribute crack cocaine. The government gave Holt notice that it intended to seek a sentencing enhancement based upon Holt's five prior felony drug convictions. On the day before his trial was scheduled to begin, Holt pleaded guilty to one count of conspiracy to distribute crack cocaine pursuant to a negotiated plea agreement. The parties' plea agreement provided, in pertinent part, that "[i]f, in the sole discretion of the United States, the defendant provides substantial assistance, the United States will make a motion for downward departure pursuant to § 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), or both . . . ."

Prior to sentencing, the government determined that Holt had not provided substantial assistance and declined to file a motion to reduce his sentence. Holt moved the district court to compel the government to file a motion to reduce his sentence. The district court denied Holt's motion to compel and subsequently sentenced Holt to life imprisonment.

In his timely appeal, Holt contends that the district court erred by failing to grant his motion to compel the government to file a motion for downward departure under USSG § 5K1.1. In support of his contention, Holt argues the Sixth Circuit has misinterpreted *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), and he suggests that the court consider en banc whether a district court can—in addition to reviewing for an unconstitutional motive—determine whether the government acted in bad faith or arbitrarily in refusing to move for a downward departure.

Upon review, we conclude that the district court lacked authority to grant Holt's request for a downward departure pursuant to USSG § 5K1.1. A district court lacks the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion. *Wade,* 504 U.S. at 185–86, 112 S.Ct. 1840. Section 5K1.1 of the Sentencing Guidelines allows a sentencing court to depart from the guidelines if the government files a motion indicating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a crime. *See* USSG § 5K1.1. Courts may only review the government's refusal to file the motion to determine whether its decision was based on unconstitutional motives. *United States v. Hawkins,* 274 F.3d 420, 427 (6th Cir.2001); *United States v. Benjamin,* 138

F.3d 1069, 1073 (6th Cir.1998). The government's decision may not be reviewed for bad faith. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir.2000).

Holt does not assert that the government's failure to file a § 5K1.1 motion was based on an unconstitutional motive; rather, Holt merely argues that he truthfully revealed everything he knows and that his assistance was not "substantial" only because of his low-level role in the conspiracy. The district court heard the testimony of an FBI Special Agent who said that Holt's information was not useful to the ongoing investigation. Holt pleaded guilty late in the game. In fact, more than twenty coconspirators had already pleaded guilty and provided essentially the same information that Holt provided. Thus, Holt's information was stale and cumulative. Holt offers nothing to suggest that the government was otherwise improperly motivated to decline making a downward departure motion, and he conceded as much before the district court. Thus the district court lacked authority to grant Holt's request for a downward departure pursuant to USSG § 5K1.1 and did not err by failing to grant Holt's motion to compel the government to file a motion for downward departure.

Accordingly, we affirm the district court's judgment. Any suggestion for en banc consideration is denied as premature.